FILED
GREAT FALLS DIV.
2012 JAN 9 PM 2 24
PATRICK E. DUFFY, CLERK
BY ______
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

vs.

JAVIER DOLORES GONZALEZ-DIAZ,

Defendant/Movant.

Cause No. CR 09-77-GF-SEH

ORDER

On December 2, 2011, Defendant/Movant Javier Gonzalez-Diaz ("Gonzalez"), a federal prisoner proceeding pro se, moved to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255.

**I. Preliminary Screening**

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Review has been conducted.

## II. Background

On June 23, 2009, Gonzalez was taken into custody at the Piegan, Montana, port of entry into the United States, after he was escorted there by officers of the Canada Border Service Agency. On July 17, 2009, Gonzalez was indicted on illegal re-entry charges. Federal Defender Anthony Gallagher was appointed to represent him. Order (doc. 5). On September 1, 2009, a Superseding Indictment was filed, charging Gonzalez with one count of illegal re-entry by a previously deported alien, a violation of 8 U.S.C. § 1326(a)(1) (Count 1); false representation of a social security number, a violation of 42 U.S.C. § 408(a)(7)(B) (Count 2); one count of identity theft, a violation of 18 U.S.C. § 1028(a)(3) and (b)(2)(B) (Count 3); one count of making a false statement on a passport application, a violation of 18 U.S.C. § 1542 (Count 4); one count of making a false claim to United States citizenship, a violation of 18 U.S.C. § 911 (Count 5); and three counts of aggravated identity theft, violations of 18 U.S.C. § 1028A(a)(1) (Counts 6, 7, and 8). Superseding Indictment (doc. 17) at 3-7.

Trial commenced on November 3, 2009. On November 4, 2009, the jury returned a guilty verdict on all counts. Minutes (docs. 42, 44); Verdict (doc. 49).

On February 1, 2010, Gonzalez was sentenced to serve 114 months in prison, to be followed by a three-year term of supervised release if Gonzalez should re-enter

the United States. Judgment (doc. 59) at 3-4. Gonzalez appealed.

On January 24, 2011, the Ninth Circuit Court of Appeals affirmed the conviction and sentence. *United States v. Gonzalez-Diaz*, 630 F.3d 1239, 1240 (9th Cir. 2011); *see also United States v. Gonzalez-Diaz*, Nos. 10-30002, 10-30030 (9th Cir. Jan. 24, 2011) (unpublished mem. disp.) (doc. 72). Gonzalez filed a petition for writ of certiorari from the United States Supreme Court, but it was denied on May 16, 2011. *Gonzalez-Diaz v. United States*, No. 10-10019 (U.S. May 16, 2011). Gonzalez timely filed this § 2255 motion on December 2, 2011.

**III. Gonzalez's Allegations**

Gonzalez contends that the United States did not adequately prove he was "found in" the United States, Mot. § 2255 (doc. 76) at 4; that Counts 2-8 should have been grouped for sentencing purposes with Count 1, *id.* at 8; that his prior conviction for sale of a controlled substance should have been counted either in his offense level calculation or in his criminal history but not both, *id.* at 9; that the prosecutor acted in bad faith by charging him with Counts 2-8, as he engaged in the conduct underlying all those counts solely for the purpose of avoiding detection in the United States, *id.* at 10; and that counsel was ineffective for failing to raise these arguments in the original proceedings, *id.* at 11.

## IV. Analysis

Each of Gonzalez-Diaz's claims is addressed here along with its corresponding claim of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective assistance claims. First, Gonzalez must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Second, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### A. "Found In" the United States

Gonzalez claims he was "unrestrained and drove his own vehicle into Canada." Mot. § 2255 at 7. But he was not free to go where he liked. He was escorted. He was required to stay overnight in a detention center. In the morning, he was "handcuffed and driven to the United States' border." *Id.* "Gonzalez-Diaz was in some form of custody the entire time he was in Canada," *Gonzalez-Diaz*, 630 F.3d at 1241, and consequently "was never 'legally in' Canada," *id.* at 1244. The § 2255 motion alleges no facts that contradict those statements. Consequently, neither this

claim nor the corresponding claim of ineffective assistance of counsel has merit.

**B. Counts 2-8**

Gonzalez alleges both that Counts 2-8 should have been grouped for sentencing purposes with Count 1. Mot. § 2255 at 8. Counts 1-5 were grouped for sentencing purposes. Presentence Report ¶ 22. "[O]nly the offense level for the most serious offense in that group" was used. Presentence Report ¶¶ 25-26. Counts 6, 7, and 8 carried a mandatory two-year consecutive sentence by statute. 18 U.S.C. § 1028A. Therefore, "the guideline sentence is the term of imprisonment required by statute." U.S.S.G. §§ 2B1.6(a), 3D1.1(b). There was no error in the advisory guideline calculation.

Relatedly, Gonzalez also claims that the prosecutor acted in bad faith by seeking an indictment on those counts merely to influence the jury's decision as to whether he was "found in" the United States. Mot. § 2255 at 10. But, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also Wayte v. United States*, 470 U.S. 598, 608 (1985). The basis for Gonzalez's objection to his prosecution for multiple crimes is unexceptional. Because these claims lack merit, counsel's decision not to raise

them was neither unreasonable nor prejudicial.

### C. Impact of Prior Conviction

The 16-level offense-level enhancement for prior commission of an aggravated felony does not become objectionable "double-counting" merely because the same felony is counted against the defendant in the criminal history category as well. *See, e.g.*, *United States v. Garcia-Cardenas*, 555 F.3d 1049, 1050 (9th Cir. 2009) (per curiam) (reaffirming *United States v. Luna-Herrera*, 149 F.3d 1054, 1055-56 (9th Cir. 1998)); *United States v. Ruiz-Chairez*, 493 F.3d 1089, 1091 (9th Cir. 2007); *United States v. Ramirez-Garcia*, 269 F.3d 945, 947-48 (9th Cir. 2001). The 2011 amendment of U.S.S.G. § 2L1.2 has no impact on Gonzalez, *cf.* 18 U.S.C. § 3582(c)(2), because he was convicted of a drug trafficking offense for which the sentence imposed exceeded 13 months and that conviction was scored in his criminal history, *see* Presentence Report ¶¶ 17, 27, 39; Superseding Indictment at 2; U.S.S.G. § 2L1.2(b)(1)(A)(i). Finally, because this claim lacks merit, counsel's decision not to raise it was neither unreasonable nor prejudicial.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Gonzalez's claims are frivolous. The Court of Appeals has already decided that he was "found in" the United States; the fact that he drove his own vehicle across the Canadian border does not mean he was in Canada legally because he was under escort and was not free to go where he liked. Counts 6-8 carried mandatory consecutive terms and could not be grouped with Counts 1-5. Decisions as to who should be charged or with what crimes do not become subject to judicial review merely because the defendant's commission of multiple crimes may make him appear more likely to be guilty than he would appear if he were charged with only one crime. The 16-level offense-level enhancement was properly applied under both the old and the new versions of U.S.S.G. § 2L1.2(b)(1)(A). Finally, because none of Gonzalez's claims has merit, counsel was not ineffective for failing to raise them. There are no open questions and no reasons to encourage further proceedings. A COA is not warranted.

**ORDERED**:

1. Gonzalez's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 76) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Gonzalez files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-84-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Gonzalez-Diaz.

DATED this 9th day of January, 2012.

Sam E. Haddon
United States District Court